# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| COUNTY MATERIALS CORP., and<br>CENTRAL PROCESSING CORP.,<br><br>            Plaintiffs,<br><br>    v.<br><br>INDIANA PRECAST, INC.,<br>RYAN S. GOOKINS,<br>RICHARD A. RECTENWAL, III,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:16-cv-01456-TWP-MJD<br>)<br>)<br>)<br>)<br>)<br>) |

## ENTRY ON DEFENDANTS' MOTION TO DISMISS

Before the Court is a Motion to Dismiss-Forum Non Conveniens filed by Defendants Indiana Precast, Inc. ("Indiana Precast"), Ryan S. Gookins ("Gookins"), and Richard A. Rectenwal, III ("Rectenwal") (collectively, "Defendants"), pursuant to the doctrine of *forum non conveniens* and Federal Rule of Civil Procedure 12(b)(6)[1]. (Filing No. 13.) On June 14, 2016, Plaintiffs County Materials Corp. ("County Materials") and Central Processing Corp. ("Central Processing") (collectively, "Plaintiffs") filed a Complaint against Defendants, alleging breach of confidentiality agreements, breach of non-competition agreement, breach of fiduciary duty of loyalty owed to employer, tortious interference with contractual relationships, and tortious interference with business relationships. (Filing No. 1.) Defendants request dismissal of Plaintiffs' Complaint, asserting that forum is proper only in courts located in Hancock County, Indiana. For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss.

---

[1] Although Defendants cite to Federal Rule Civil Procedure 12(b)(6) in their motion, they move to dismiss solely for improper forum and have not articulated Rule 12(b)(6)'s application to this case.

# I. BACKGROUND

The following facts are taken from Plaintiffs' Complaint and are accepted as true for purposes of this motion to dismiss. County Materials is a leading manufacturer of concrete construction and landscape products who owns nearly forty production facilities in six states throughout the upper Midwest Region. Central Processing administers and oversees all human resource responsibilities needed by County Materials, including: providing employment notices, recruiting applicants, accepting applications and resumes, processing new hires and all other employment related activities. In December 2014, County Materials acquired facilities within the Southern District of Indiana located in Indianapolis and Maxwell, Indiana as part of an asset purchase from Independent Concrete Pipe Company ("Independent Concrete"). Upon acquiring Independent Concrete's facilities and assets, Central Processing hired the majority of Independent Concrete's employees to work for County Materials. Gookins and Rectenwal are among the former Independent Concrete employees hired to work for County Materials.

On December 10, 2014, in consideration for employment by Central Processing, Gookins and Rectenwal each signed a Confidentiality Agreement. Under the Confidentiality Agreement, the employees agreed that they will not "use or disclose [County Materials'] Trade Secrets." ([Filing No. 1-1 at 4](); [Filing No. 1-2 at 4]().) The Agreements also contain a non-solicitation provision stating:

> [f]or a period of two (2) years following the termination of employment with Employer, whether initiated by Employer or initiated by Employee, Employee will not, without the prior written consent of the Company, solicit an employee of the Company assigned to work for [County Materials] to terminate his or her employment with the Company. This shall not bar any employee of the Company from applying for or accepting employment with any person or entity.

*Id.* In addition to the Confidentiality Agreement, Rectenwal also executed a Non-Competition Agreement, which stated in pertinent part:

2

**Non-Competition While Employed by the Company**. [t]he Employee agrees not to compete with [County Materials] in a territory in which [County Materials] sells its products or provides its services, either on behalf of the Employee, or as a representative, agent, employee, […] during his employment with the Company.

**Non-Competition After Termination of Employment**… [f]or a period of twelve (12) months commencing at such time as the Employee ceases to be employed by the Company for any reason whatsoever, the Employee shall not, either on Employee's own behalf or on behalf of any other person, association or entity, sell or market a Competing Product to a Customer.

([Filing No. 1-3 at 5](#)).

On February 4, 2015 and April 10, 2015, Rectenwal and Gookins, respectively, resigned from County Materials and are currently employed by Plaintiffs' competitor, Indiana Precast. While working at Indiana Precast, Rectenwal and Gookins induced at least nine of Plaintiffs' employees to also leave and work for Indiana Precast. Thereafter, Plaintiffs filed a Complaint in this Court, asserting breach of confidentiality agreements, breach of non-competition agreement, breach of fiduciary duty of loyalty owed to employer, tortious interference with contractual relationships, and tortious interference with business relationships. Defendants move the Court to dismiss Plaintiffs' Complaint, arguing forum is proper only in a court located in Hancock County, Indiana. Defendants point to a forum selection clause in each Agreement signed by Rectenwal and Gookins, which states: "Any dispute between the Parties arising out of or related to this Agreement shall be heard only by a court in Hancock County, Indiana; and the Parties hereby consent to Hancock County, Indiana as the exclusive venue for resolving any such disputes." ([Filing No. 1-1 at 5](#); [Filing No. 1-2 at 5](#); [Filing No. 1-3 at 6](#).)

## II. LEGAL ANALYSIS

Federal Rule of Civil Procedure 12(b)(3) allows for dismissal for improper venue. Fed. R. Civ. P. 12(b)(3). Whether venue is "improper" is generally governed by 28 U.S.C. § 1391. In pertinent part, Section 1391 states:

> [e]xcept as otherwise provided by law ... this section shall govern the venue of all civil actions brought in district courts of the United States…
>
> A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Where venue is proper under Section 1391, the mere existence of a forum-selection clause does not render venue improper under Rule 12(b)(3). *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013). However, a forum selection clause may be enforced through a motion to dismiss pursuant to the doctrine of *forum non conveniens*. *Id* at 580. Under the doctrine of *forum non conveniens*, even where venue is proper, a federal court has discretion to dismiss a case for the convenience of litigants and witnesses if it appears that the action should proceed in another forum. *Deb v. SIRVA, Inc.,* 832 F.3d 800, 805 (7th Cir. 2016). Except in unusual cases, when parties agree to a valid forum selection clause, courts should transfer to the forum specified in that clause. *Atl. Marine Const. Co.,* 134 S. Ct. at 581.

### III.  DISCUSSION

There is no dispute that venue is proper under Section 1391. The parties also agree that the forum selection clause at issue is valid and applies to the Confidentiality and Non-Compete Agreements. The issue before the Court is whether the forum selection clause encompasses the Southern District of Indiana.

## A. The Forum Selection Clause does not Encompass the Southern District of Indiana

Defendants argue that the forum selection clause prevents jurisdiction in this Court, which is located in Marion County, Indiana, because forum is proper only in courts located in Hancock County, Indiana. In response, Plaintiffs argue that they properly filed a Complaint in the Southern District of Indiana because this Court encompasses Hancock County. Plaintiffs rely on *Sagittarius Sporting Goods*, when asserting that "to adopt [Defendants'] rationale, this Court would be deciding, in effect, that federal venues lie only in counties that have a federal court building located inside their borders. But, this is simply not so." *Sagittarius Sporting Goods Co., Ltd v. LG Sourcing, Inc.,* 162 F. Supp. 3d 531, 537 (D.S.C. 2016) (holding a forum selection clause was unambiguous and the federal court had jurisdiction where, under the forum selection clause, the plaintiff submitted to both the North Carolina's federal and state law); *see also Nahigian v. Juno-Loudoun, LLC*, 661 F. Supp. 2d 563, 569 (E.D. Va. 2009) (holding "if a venue provision does not contain a reference to sovereignty, then a geographic restriction permits litigation in either the state or federal courts for that geographic region"). Plaintiffs contend that the forum selection clause in this case imposes only a geographic limitation and, therefore, the parties left the choice of forum—federal or state court—to the discretion of the party filing suit.

The Court, however, finds that Plaintiffs' reliance on *Sagittarius Sporting Goods* and *Nahigian* is misplaced. In *Nahigian*, the court states specifically that a circuit split exists regarding "whether a forum selection clause that sets jurisdiction in a particular county—but not a particular court system—gives jurisdiction to the federal district court that encompasses [the county,] but is not located in the county" *Id*. at 568. *Nahigian* noted that Seventh Circuit courts, as well as the Third, Eighth, Ninth, and Eleventh Circuits have held that such forum selection clauses do not give jurisdiction to the federal district court. *See Id*. Accordingly, the Court concludes that the forum

5

selection clause at issue does not extend jurisdiction to the Southern District of Indiana. *See Fieldturf USA, Inc. v. Quest Turf, LLC*, No. 1:07-CV-1485-RLY-JMS, 2008 WL 906428 (S.D. Ind. Apr. 1, 2008) (holding the Southern District of Indiana was improper where a forum selection clause stated "venue shall be in Delaware County, Indiana"); *Gator Wash, LLC v. Lighthouse Carwash Sys., Inc.,* No. 1:07-CV-1494-LJM-TAB, 2008 WL 506070 (S.D. Ind. Feb. 20, 2008) (holding the Southern District of Indiana was improper, where a forum selection clause limited jurisdiction to a specific county and not the specific judicial district); *Progressive Publ. Inc. v. Capital Color Mail, Inc.*, 500 F. Supp. 2d 1004, 1005 (N.D. Ill. 2007) (holding the Northern District of Illinois was improper where a forum selection clause stated "jurisdiction and venue shall be situated in Kane County, IL").

**B.     Hancock County is the Proper Forum for All Parties and Claims**

In a footnote, Plaintiffs assert that the forum selection clause is not binding on County Materials or Indiana Precast because they were not parties to the agreements at issue, and some of their claims are not related to the agreements that contain the forum selection clause. The Court finds, as Defendants persuasively argued in reply, Plaintiffs' remaining claims are all predicated on the enforceability of the agreements that contain the forum selection clause. Accordingly, because the agreements containing the forum selection clause are central to the entire case, a state court in Hancock County should address the case in its entirety.

**IV.     CONCLUSION**

For the above reasons, the Court **GRANTS** the Defendants' Motion to Dismiss (Filing No. 13) **without prejudice**.

**SO ORDERED.**

Date: 1/23/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Hannesson Ignatius Murphy
BARNES & THORNBURG LLP (Indianapolis)
hmurphy@btlaw.com

Danielle M. Nardick
HANSEN REYNOLDS DICKINSON CRUEGER LLC
dnardick@hrdclaw.com

John Patrick Shanahan
HANSEN REYNOLDS DICKINSON CRUEGER LLC
jshanahan@hrdclaw.com

James P. Casey
ZIEMER STAYMAN WEITZEL & SHOULDERS
JCasey@zsws.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com